UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROMEO ARVELO,**

    Petitioner,

v.                                    Case No.  8:07-cv-1107-T-30EAJ

**ATTORNEY GENERAL, STATE OF FLORIDA, and JACK SAPP, Warden,**

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1), Respondent's response (Dkt. #7), and Petitioner's reply (Dkt. #10).  A review of the record indicates that the petition may be time barred.  Even though the Respondent did not raise the time bar issue, this Court has the discretion to raise the issue *sua sponte* and hereby does so.  Jackson v. Secretary for the Department of Corrections, 292 F.3d 1347 (11th Cir. 2002).

Petitioner (hereinafter "Petitioner" or "Arvelo") was sentenced in state court on December 4, 2002, and filed a direct appeal.  The state appellate court affirmed and the mandate issued on January 12, 2004.  A criminal conviction for a Florida prisoner becomes final upon issuance of the mandate on direct appeal.  Jackson, at 1349.

Petitions brought pursuant to 28 U.S.C. §2254 must be filed in this Court within one year from the latest of the date on which:

>   (1)   the conviction became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>   (2)   the impediment to making a motion created by governmental action in violation of the law was removed, if the governmental action prevented the filing of the petition;
>
>   (3)   the Supreme Court initially recognized the right asserted, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or
>
>   (4)   the facts supporting the claim could have been discovered through due diligence.

28 U.S.C. §2254(d)(1). The one year limitation period would appear to begin to run in this case from the date the conviction became final by conclusion of direct review. Here, that is the date the mandate issued on January 12, 2004. A state prisoner proceeding under §2254 does not get the benefit of an additional ninety days within which to seek certiorari review with the United States Supreme Court. Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007).

The one year limitation period is tolled, though, while a state prisoner seeks post-conviction relief in state court. 28 U.S.C. §2244(d)(2). Petitioner filed a post-conviction motion on February 24, 2004, forty-four (44) days after his one year period began to run. The state trial court denied that motion, Arvelo appealed, and the appellate court affirmed on June 9, 2006. Arvelo had 321 days remaining within which to file his §2254 petition with this Court. (That date would be April 26, 2007.) He did not file his petition until June 22, 2007.

Under certain limited circumstances, equitable tolling may apply to the limitations period. Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999). It is an extraordinary remedy which is typically applied sparingly and does not extend to a case involving mere neglect. Steed v. Head, 219 F.3d 1298 (11th Cir. 2000).

Since the Petitioner has not had the opportunity to address the issue of whether his petition is time barred, this Court hereby grants both parties thirty (30) days from the date of the Order within which to address this issue if they wish. If Petitioner fails to respond to this time bar issue, the petition will be dismissed as time barred without further notice.

**DONE** and **ORDERED** in Tampa, Florida on December 16, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-1107.osc.frm